GEORGE S. CARDONA **JS-6**
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
California State Bar No. 140310
    United States Courthouse
    312 N. Spring Street, 14th Floor
    Los Angeles, CA 90012
    Telephone: (213) 894-0304
    Facsimile:  (213) 894-7177
    E-Mail:  greg.parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 07-3231 AHM(FMOx) |
|     Plaintiff,  ) | **CONSENT JUDGMENT OF FORFEITURE** |
|         v.  ) | |
| REAL PROPERTY LOCATED IN ) PALMDALE, CA,(AMAYA),  ) | |
|     Defendant.  ) | |
| LUIS AMAYA AND ZAIDA AMAYA,) | |
|     Titleholders.  ) | |
| ZAIDA AMAYA,  ) | |
|     Claimant.  ) | |

By the signatures hereunder, plaintiff United States of America ("the government") and titleholder and claimant Zaida Amaya (collectively "the parties") request that the Court enter this proposed consent judgment.

The complaint in this civil forfeiture action was filed on May 16, 2007, alleging that the defendant real property located in Palmdale, California ("defendant real property") was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).  Notice was given and published in accordance with law.  Amaya is one of the current titleholders on the defendant real property, is aware of the pending litigation, and has filed a claim and answer in this matter.[1]  The parties had sought a stay of this matter pursuant to 18 U.S.C. § 981(g), but now jointly file this request that the court enter this consent judgment of forfeiture.  No other claims or answers were filed, and the time for filing claims and answers has expired.  The agreement set out in this proposed consent judgment is dispositive of this action.

The parties have agreed to settle this forfeiture action and to avoid further litigation.

The Court has been duly advised of and has considered the matter.  Based upon the mutual consent of the government and Zaida Amaya,

**IT IS ORDERED, ADJUDGED AND DECREED:**

1.   This Court has jurisdiction over the subject matter of this action and the defendant real property.

---

[1] Luis Amaya, Zaida Amaya's husband, is believed to be living in El Salvador.  Luis Amaya has not timely filed any claim or answer in this matter.

2. The Complaint for Forfeiture states a claim for relief against the defendant real property pursuant to 21 U.S.C. § 881(a)(7). All potential claimants other than Zaida Amaya are hereby deemed to have admitted the allegations of the complaint.

3. Notice of this action has been given as required by law.

4. Claimant shall pay the sum of $75,000.00 to the government not later than ninety (90) days after entry of this judgment. Such payment shall be made in the form of a cashier's check made payable to U.S. Customs and Border Protection, and shall be delivered to Assistant United States Attorney Steven R. Welk, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein. The U.S. Department of Homeland Security-U.S. Customs and Border Protection ("U.S. Customs and Border Protection") is ordered to dispose of the funds in accordance with law.

5. In consideration of claimant's agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed consent judgment. Government counsel, upon being provided with said cashier's check in the sum of $75,000.00, will execute and record an original Withdrawal of *Lis Pendens* with the Los Angeles County Recorder within ten days of receipt of said payment.

6. Should claimant fail to make the payment required herein in a timely manner, the government shall acquire a lien

against the defendant real property in the sum of $75,000.00.
The government's lien shall include a right of sale, allowing the
government to take possession of and sell the defendant property
at any time after the acquisition of the lien, unless the parties
agree otherwise in writing.  The government shall give written
notice to claimant by letter directed to her attorney, James H.
Barnes, 15760 Ventura Boulevard, 7th Floor, Encino, CA 91436-
3095, thirty (30) days before the government intends to enforce
its right of sale of the defendant property.  At the conclusion
of that thirty day period, any occupants or personal property
shall be removed from the defendant property.  U.S. Customs and
Border Protection is hereby authorized to remove any occupants
and/or personal property remaining on the defendant property
thirty days after the giving of written notice without further
order of this Court.  U.S. Customs and Border Protection shall
thereafter sell the defendant property.  The proceeds of sale
shall be applied as follows, to the extent proceeds are
available:

      a.   First, to the costs incurred by U.S. Customs and Border Protection in taking possession of and selling the defendant property;

      b.   Second, to the Los Angeles County Assessor and Tax Collector for payment of unpaid real property taxes assessed against the defendant real property to the date of sale;

      c.   Third, all unpaid principal and interest due on the loan in favor of Bank of America, as well as all unpaid interest and other fees or costs

|   |   |
|---|---|
| | described in the Note and Deed or Trust in favor of Bank of America, including late charges, advances for payment of property tax and hazard insurance, attorney fees and costs(not to exceed $1,000.00), and foreclosure fees and costs, if any, incurred prior to the entry of this consent judgment, pursuant to a deed of trust to secure a revolving line of credit in the amount of $100,000.00, recorded on January 11, 2005, in favor of Bank of America; |
| d. | Third, to the payment due under the terms of this judgment; and |
| e. | Fourth, to claimant. |

6.  Claimant agrees to hold harmless the United States of America, the U.S. Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, their agencies, agents and employees, as well as the agents or employees of any other governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any claim made by them or by any third party concerning this matter.

7.  Claimant releases and forever discharges the above parties from any and all claims, rights or causes of action, damages, expenses and costs, known and unknown, which claimant has or may have against these parties for any conduct committed up to and including the date of the filing of this proposed judgment.

8.  Each party shall bear its own costs and attorney's

fees, and waives any right to appeal this judgment.

9. In the event that U.S. Customs and Border Protection takes possession and control of the defendant property as described herein, the United States shall take title to the property forthwith. The Los Angeles County Recorder shall index this Judgment in the grantor index under the name of Luis Amaya and Zaida Amaya and in the grantee index in the name of the United States of America.

10. Neither this agreement nor any actions taken in connection with executing this agreement will be utilized by the government to commence or prosecute any criminal matter which may arise out of any of the facts underlying this action.

11. The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

12. This court shall retain jurisdiction over this matter to enforce the terms of this judgment.

DATED: October 20, 2009

_____
THE HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

**JS-6**

CONSENT

The government and Zaida Amaya consent to entry of this judgment and waive any right of appeal.

DATED: October 19, 2009

GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
P. GREG PARHAM
Special Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: October 5, 2009

_____
JAMES H. BARNES
Counsel for Claimant
ZAIDA AMAYA